## Larzelere *versus* Haubert.

1. The sheriff's interpleader Act of April 10th, 1848, does not relieve a plaintiff in an execution or other process, who directs the seizure of the property of a person not a party against whom such process was issued, from liability in trespass, unless, under a sheriff's rule, the owner voluntarily becomes a party to the adjudication of his claim.

2. In pursuance of an attachment under the Act of 1869, A. directed the sheriff to levy on certain liquors as the property of B. After levy C. presented a claim for the goods, and the sheriff obtained a rule for an interpleader, under the Act of 1848 and supplement. C. failed to file a narr. or bond, as directed by rule of court. Subsequently the court directed the sheriff to proceed with the attachment, and the latter sold the liquors thereunder and paid the proceeds to A. C. brought trespass against A.

*Held,* that there was nothing in said Act to prevent C.s' recovery.

March 25th, 1885.   Before MERCUR, C. J., GORDON, PAX-SON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county :* Of July Term 1884, No. 143.

Trespass, by Peter Haubert against John Larzelere, to recover damages for certain liquor seized by the sheriff as the property of Jacob Haubert, in pursuance of an attachment, under the Act of 1869, issued by Larzelere against Jacob Haubert.

On the trial, before HARE, P. J., the following facts appeared :   In pursuance of an attachment issued under the Act of 1869, by John Larzelere against Jacob Haubert, the sheriff levied on certain liquor as the property of said Jacob Haubert. Peter Haubert having presented a claim for the liquor, the sheriff obtained a rule on Larzelere and Peter Haubert to interplead under the Act of April 10th, 1848, as extended to these attachments by the Act of January 30th, 1871. Purd. vol. 1, page 54.   Peter Haubert failed to file a narr. or bond, and the sheriff subsequently proceeded in the attachment proceeding, sold the liquor and paid the proceeds to Larzelere.   Peter Haubert then brought this suit and after the above facts had been shown, the following case stated was agreed upon, and a point of law reserved by the court for the opinion of the court in banc.

" It is agreed the following point be reserved :

" It being admitted—

" That under an attachment under the Act of 1869, against Jacob Haubert, in which John Larzelere was plaintiff, certain barrels of liquors were levied upon by the sheriff of the county of Philadelphia under the instructions of the said John Larzelere, the defendant in this action.

" That Jacob Haubert was not in the possession of the said liquors at the time of the said levy.

" That Peter Haubert, the plaintiff in this action, claimed the said liquors as his property, and notified the sheriff of his claim.

" That a rule for a sheriff's interpleader was immediately obtained by the said sheriff, and the said Peter Haubert and John Larzelere were ordered to interplead as to ownership of said goods.

" That the said Peter Haubert failed to file his bond and narr. as required by the rules of the court.   That thereupon the said John Larzelere, by his counsel, moved the said court for an order that the sheriff have leave to proceed and sell the said goods under a fi. fa. issued on a judgment obtained in the said attachment against the said Jacob Haubert.

" That thereupon the said sheriff sold the said goods at public sale, and paid the fund realized from such sale to the plaintiff in the said attachment, the said John Larzelere. No further action was taken under the said interpleader, nor was any notice given to the sheriff to pay the proceeds of said execution into court.

" If the court should be of the opinion that the proceedings under the sheriff's interpleader preclude the plaintiff in this action from recovering any damages by reason of the sale under the said execution, then judgment shall be entered for the defendant on the verdict, otherwise judgment shall be entered for the plaintiff, provided the verdict should be for the plaintiff."

Subject to this point reserved, the jury found for plaintiff for $324.90, and the court subsequently entered judgment on the verdict; whereupon the defendant took this writ assigning for error the action of the court in entering judgment for the plaintiff on the point reserved.

*John H. Sloan* for plaintiff in error.—Under the Act of 1848 and rules of court made in pursuance thereof a remedy is provided for settling disputed claims of this nature, and where an interpleader order is made by the court under the legislation there is no other remedy. Where a remedy is given by statute an action cannot be maintained at common law: Knorr *v.* P. G. & N. R. R. Co., 5 Wh., 256 ; McKinney *v.* Monongahela Nav. Co., 2 H., 65 ; Custer *v.* Commonwealth, 1 C., 375 ; Cumb. V. R. R. Co. *v.* McLanahan, 9 Sm., 23 ; Koch *v.* Williamsport Water Co., 15 Sm., 288 ; Weller *v.* Weyand, 2 Gr., 103 ; Bald Eagle Boom Co. *v.* Sanderson, 33 Leg. Int., 359 ; Nichols *v.* D. & H. Canal Co., 2 W. N. C., 708. When a narr. is filed but no bond, the sheriff is to proceed and sell and pay the proceeds into court: Dillon *v.* Conover, 2 W. N. C., 126. The plaintiff cannot take advantage of his own neglect to file his narr.

Although the Act was passed for the benefit of the sheriff, yet after the parties are called in and an order made to interplead with each other, then all parties are bound to pursue their remedy in that form: Zacharias *v.* Totton, 9 Norris, 292 ; Bain *v.* Funk, 11 P. F. S., 185.

*Theodore F. Jenkins* for defendant in error.—On October 21st, 1848, in the case of Rump *v.* Williams, 1 Br. T. & H. Pr., 658, the rule of practice of the courts in Philadelphia in interpleader cases, was laid down as follows : " If he (the claimant) neither file his narr. nor give the bond, the court, on motion of the sheriff or plaintiff in the execution, will make an order

[Larzelere *v.* Haubert.]

that the sheriff do proceed with the said execution, and that
the claimant be barred of any action against the sheriff, or any
one acting by his authority, saving, however, his right of ac-
tion against the plaintiff and all others." This rule of practice,
thus established in Philadelphia thirty-six years ago, has con-
tinued to the present time; so that when the claimant in the
present case, the defendant in error, declined to interplead,
and the plaintiff moved that the sheriff have leave to proceed,
the former knew that if the sale took place, he still had his
remedy by an action of trespass to recover the value of his
goods.    The justness of such a rule of practice is evident. By
our every day experience goods do not bring at sheriff's sale
what they are worth; and if A. having a judgment against B.
can cause a levy to be made on C.'s goods, and C. is unable to
give security in an interpleader bond, then A. may buy C.'s
goods just for what they will bring at a sheriff's sale, and C.,
without any default upon his part, be deprived of his property
for A.'s benefit.

Mr. Justice TRUNKEY delivered the opinion of the court,
April 20th, 1885.

Section 9 of the Act of April 10th, 1848, P. L., 450, was
enacted for the express purpose of affording relief and protec-
tion to sheriffs and other officers in case of difficulty arising in
the execution of process against goods and chattels taken or en-
titled to be taken under such process, by reason of claims
made to such goods by persons not being the parties against
whom such process was issued. Upon application of the sheriff
or other officer it may be lawful for the court from which the
process issued, to call before it by rule the party issuing such
process and the party making such claim, and thereupon to
exercise for the adjustment of the claim, and the relief and
protection of the sheriff or other officer, all the powers neces-
sary, and make such rules and decisions as shall appear to be
just under the circumstances of the case.

Only the officer can apply for the rule, and it is not made
the imperative duty of the court to award the issue on his ap-
plication.    Neither the claimant nor the party who issued the
process has right to demand an issue; the statute was not
passed for their benefit: Bain *v.* Funk, 61 Pa. St., 185.   The
Act was designed for the relief of the officer, and to that end,
when the claimant and plaintiff in the execution or other pro-
cess appear in response to the rule, the one to maintain his
claim and the other to repel the claim, the court may exercise
all necessary powers for its adjustment.   If the adjudication
be in favor of the claimant, both the officer and the plaintiff
are protected by the interpleader proceeding in all that was

[Larzelere v. Haubert.]

done in pursuance thereof or under the direction of the court. The officer and plaintiff in the execution are not trespassers while in good faith pursuing the remedy provided by law. But if the officer, by direction of the plaintiff in the process, actually seizes the goods and interferes with the enjoyment or disposal thereof by the claimant, he being the owner, and unnecessarily delays making application for the rule, both are liable for all damages they caused to the claimant up to the time the sheriff presented his petition: Zacharias v. Totton, 90 Pa. St., 286. That decision does not apply to a case where the claimant did not appear to answer the rule, or declined to become a party to an issue.

Within a few months after the enactment of 1848, with reference to the practice, the District Court of Philadelphia remarked that if the claimant " neither file his narr. nor give the bond, the court, on motion of the sheriff or the plaintiff in the execution will make an order that the claimant be barred of any action against the sheriff or any one acting by his authority, saving, however, his right of action against the plaintiff and all others : " Rump v. Williams, reported in Troubat and Haly's Practice ; and the rule is incorporated into the text in the late edition by Brightly, § 1142. This rule of practice was based on the contemporaneous construction of the statute, that it did not mean to compel the owner of goods seized on process issued against another man, to become a party to an issue in the interpleader proceeding and there establish his right, under pain for his neglect or refusal of losing all remedy for the trespass committed by the plaintiff in such process. Such construction and the rule seem to have been accepted without question until the pending case, and though not conclusive, were they against the obvious meaning of the statute, if the meaning be doubtful the doubt will be solved in their favor. In 1861 it was directly decided by the District Court, that the failure of a person who claims goods which have been taken in execution against another to interplead under a sheriff's rule, does not divest his title, and therefore in an action by the execution creditor against the sheriff the latter is not precluded from showing that the goods belonged to said claimant. " The Interpleader Act goes quite far enough in saying that a man whose property is taken wrongfully under a writ against another man shall lose his remedy against the sheriff for taking it, unless he will give security and submit to a particular mode of trying the question : " Commonwealth v. Megee, 4 Phil., 258. These rulings relative to the question presented in this record are consistent with the intendment of the statute.

In case the rule is granted upon the sheriff's application,

the claimant will be barred of any action against the sheriff, whether he files a narr. or refuses to come into court to establish his title.   If he so comes in, he will also be barred of any action against the plaintiff.   But he may not elect to become a party in a proceeding which results only in establishing his title and consequent release of the goods from the levy.   The levy may have done damage ; he may be unable to give the bond with security, whereupon the goods will be sold and the money put in their place.   He may choose to sue the plaintiff in the execution and recover the value of his goods at the time they were taken, without regard to the sum they brought at a sheriff's sale.   There is nothing in the statute which relieves a plaintiff in an execution or other process, who directs the seizure of the property of a person not being a party against whom such process was issued, from liability in trespass, unless under a sheriff's rule, the owner voluntarily becomes a party to the adjudication of his claim.

Judgment affirmed.

GORDON and STERRETT, JJ., dissented.