## Birch *v.* Conrow et al., Appellants.

*Malicious use of civil process—Execution—Damages.*

In an action to recover damages for a wrongful levy on plaintiff's goods,
there was evidence that the goods had been originally purchased by plain-
tiff's father, who had sold them with the other contents of a store to plain-
tiff; that the father notified defendants of the sale, and that defendants
subsequently sold goods to plaintiff, charging them to him.   There was
also evidence that the father had stated to defendants that he had trans-
ferred his store to his son in order to prevent other creditors from levying
upon it.   There was testimony for defendants that they had consulted
counsel, and had been advised to issue the execution.   *Held*, that the case
was for the jury.

Argued March 22, 1894.   Appeal, No. 230, Jan. T., 1894, by
defendants, Howard F. Conrow et al., trading as Conrow Bros.
& Co., from judgment of C. P. No. 1, Phila. Co., Sept. T., 1890,

No. 72, on verdict for plaintiff, Lewis M. Birch.   Before STER-
RETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ.   Af-
firmed.

Trespass for wrongful use of civil process.

At the trial, before BIDDLE, J., it appeared that defendants
had sold goods to S. R. Birch, who kept a store on Frankford
avenue, Phila.   Early in March, S. R. Birch transferred his
store and its contents to plaintiff, who was his son.   There was
evidence that the father notified defendants that he had sold
out to his son, and had no further connection with the business.
Plaintiff testified that in response to a postal card he had called
upon defendants after the sale, and that he had been requested
by them to assume his father's indebtedness.   It was not denied
that after the sale defendants sold and delivered to plaintiff
various goods.   Under objection and exception by plaintiff, one
of the Conrow Brothers testified that, after they had received
the letter from the father, the father called at their store, " and
he said that he made this transfer to the son simply to prevent
a creditor pushing him, and to close him out to protect the other
creditors; and that he would have some money for us the next
day our young man would call."

One of defendants testified that counsel had been consulted
before execution was issued, and that all the facts of the case
had been stated to him.

Defendants' points were among others as follows:

" 1. The record in the case of Conrow & Co. v. Sanford
Birch, C. P. No. 1, June term, 1888, No. 364, offered in evi-
dence by the plaintiff in this case, Lewis M. Birch, together
with his testimony, shows, that he voluntarily appeared in said
case under the sheriff's rule for an interpleader, and voluntarily
filed his narr and bond in said case and went to trial, and as
there is no evidence in this case that the sheriff delayed unnec-
essarily in making application for the rule of interpleader, and
no evidence that the plaintiff was deprived of the use of his
goods, in any way, or that he was prevented from selling said
goods, your verdict must be for the defendants."   Refused. [1]

" 3. If the jury believe that Sanford R. Birch, at the time of
and before the alleged sale of these goods to his son, was largely
indebted to the defendants in this case and to other persons,

and that the plaintiff in this case knew of that indebtedness, and that the said Sanford Birch, after the alleged transfer to his son, informed the defendants that the transfer was made to prevent one of his creditors from selling him out and was not a bona fide sale, the defendants were justified in making a levy upon that property on their judgment recovered against Sanford Birch in case of Conrow v. Birch, C. P. No. 1, June term, 1888, No. 364. *Answer :* That I refuse in the terms in which it is put." [2]

" 4. The measure of damages in this case is the value of goods of which plaintiff was deprived. If the jury find that the plaintiff lost no goods by reason of the defendants' levy, and that the plaintiff continued to carry on his business and sell goods after the levy the same as before, your verdict must be for the defendants. *Answer:* That I refuse in the terms in which it is put." [3]

" 5. The mere fact that one person, with whom the plaintiff dealt and was indebted to, refused to sell the plaintiff any more goods after the levy, and after the plaintiff had filed voluntarily his narr and bond in this case, does not entitle the plaintiff to recover any damages. *Answer :* This I refuse under the terms in which it is put." [4]

6. Request for binding instruction. Refused. [5]

Verdict and judgment for plaintiff for $200.

*Errors assigned* were (1–5) above instructions, quoting them.

*S. Morris Waln,* for appellants, cited : Larzelere v. Haubert, 109 Pa. 520 ; Muldoon v. Rickey, 103 Pa. 110 ; Kramer v. Stock, 10 Watts, 115 ; Forsyth v. Palmer, 14 Pa. 98 ; Act 1848, P. L. 450 ; Emerson v. Cochran, 111 Pa. 620 ; Stewart v. Sonneborn, 8 Otto, 187 ; Walter v. Sample, 25 Pa. 275.

*Wm. C. Gross, Thomas F. Gross* with him, for appellee, cited : Mayer v. Walter, 64 Pa. 283 ; 2 Addison on Torts, 755 ; Act of 1848, 1 Purd. 750, P. L. 450.

PER CURIAM, April 9, 1894 :

This case depended on questions of fact which were exclusively for the consideration of the jury. To them they were

fairly submitted by the learned trial judge in a clear and concise charge in which there appears to be no substantial error. The only inference that can be fairly drawn from the verdict is that the controlling facts were found in plaintiff's favor. It follows, therefore, that the judgment entered on the verdict should not be disturbed unless there is error in the instructions complained of in the specifications. We have considered the several questions therein presented and are not convinced that there is any error in either of the answers to defendant's points for charge recited in said specifications.

Judgment affirmed.