# Rogers *v.* Schadt, Appellant.

*Sale—Personal property—Transfer of possession—Fraud—Wrongful levy.*

In an action of trespass against a sheriff and the plaintiff in an attachment under the Act of March 17, 1869, P. L. 8, it appeared that the plaintiff in the trespass claimed the goods attached, by a bill of sale from his brother who was the defendant in the attachment. There was evidence which tended to show that the plaintiff took title to the goods in good faith, for a valuable and fairly adequate consideration, without collusion with his brother in any attempt to defraud the latter's creditors, and that he had taken possession of the goods as far as he could under the usages of trade and business. There was evidence that the sheriff after the attachment suffered a constable to sell the goods under another writ, and that the attaching creditor was present at the time and place of sale and participated in it as a bidder. *Held,*

that the evidence was sufficient to submit to the jury on the question of the plaintiff's title to the property, and also on the question of the attaching creditor's participation in the trespass committed by the sheriff, and that a verdict and judgment for the plaintiff should be sustained.

Argued Feb. 25, 1907. Appeal, No. 237, Jan. T., 1906, by defendants, from judgment of C. P. Lackawanna Co., March T., 1904, No. 559, on verdict for plaintiff in case of William B. Rogers v. Charles H. Schadt and Adolph Marcus. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Trespass for wrongful levy and sale of stock of goods. Before NEWCOMB, J.

At the trial the jury returned a verdict for plaintiff for $2,093.40, upon which judgment was entered.

On the rule for a new trial NEWCOMB, J., filed the following opinion :

This is an action of trespass growing out of an attachment under the Act of March 17, 1869, P. L. 8, and its supplements. The defendants are the sheriff and the attaching creditors. The writ went out against one O. R. Rogers, a brother of the plaintiff here. It was issued July 2, 1903, returnable to September term following, for the purpose of seizing a stock of merchandise in a store at Moosic where O. R. Rogers had for some three years been in business. On that date the sheriff made a paper service of the writ, and finding W. B. Rogers in possession summoned him as garnishee, and not finding the defendant returned the writ as to him " nihil habet." July 6 the sheriff closed the store, locked it, and put it in charge of a watchman by whom he kept possession of the property until July 24, when, with his permission and in his presence, the goods, or most of them, were sold at public sale by a constable. The sale was made on an execution upon a judgment recovered against O. R. Rogers, June 30, before an alderman at the suit of another creditor. In order that a levy might be made for this purpose the sheriff caused the store to be opened for the constable July 18. Out of the proceeds of the sale the sheriff received from the hands of the constable enough money to

cover his writ, costs and expenses, including $54.00 paid for services of the watchman. Later, at the instance of the defendant in that proceeding and after hearing on the merits, the lien of the attachment was dissolved. The point at issue there was the *bona fides* of a transfer of the property by O. R. to William B. Rogers, claimed to have been made June 27. In the judgment of the court the attaching creditor failed to impeach that transaction. The plaintiff's case here was founded upon title acquired by that transfer, coupled with notice to the defendants prior to his exclusion from the store.

There was no dispute about the plaintiff being found in possession of the property and claiming it as his own when the sheriff went there July 2.

As to the other defendant the evidence, if believed by the jury, was sufficient to warrant the finding that after service of the writ on this plaintiff as garnishee, but before anything had been done to exclude him from possession of the goods, he had definite notice of the plaintiff's claim when the parties were together at the sheriff's office; that on that occasion he assured the plaintiff of his intention to close the store unless his claim, together with one which he held by assignment, was paid in full with costs; that he was present as a bidder at the constable's sale, and accepted the benefit of it to the extent that its proceeds were applied to the payment of costs incurred on his writ, amounting to $68.00, for which he was liable. These facts, if found, we held sufficient to warrant the inference that he participated in the trespass, if any there were, of the sheriff. We held that the sheriff was bound upon the dissolution of his lien to restore the goods to the owner unless prevented by the intervention of some cause over which he could have no control; and that if in the meantime he voluntarily and without co-operation of the other defendant suffered them to be disposed of by the constable, the liability for their value would be that of the sheriff alone. In the abstract the duty of the sheriff in the event that his lien is dissolved, is to restore the property to the possession of the person from whom he took it, but in this case it is a matter of no moment that we said "owner" instead of the party in possession. The plaintiff was the party from whose possession the goods were taken, but in order to recover he had to show that he was the owner. There

was a verdict against the defendants jointly showing that Marcus was found to have participated in the acts of the sheriff. His conduct was entirely consistent with that conclusion. It was such as implied his knowledge of the fact that the constable had been permitted to take the property in execution, for he was present at the time and place of sale. He participated in it as a bidder, and thereby aided and abetted it. This was the uncontradicted evidence, and coupled with his alleged declaration at the sheriff's office before the store was closed, also uncontradicted, and with his sharing in the proceeds of the sale, and in the absence of any evidence to the contrary, leaves no doubt in our minds that it was for the jury to say whether there was any concert of action between the defendants in and about the seizure and subsequent disposition of the goods, whereby the plaintiff, if the owner, lost them. If the attaching creditor discountenanced the proceeding in any way he did not say so at the trial.

We see no error in submitting the question of joint liability to the jury, and this disposes of the only reason urged for new trial on behalf of Marcus.

As to the merits: The ground of defense was the alleged fraudulent character of the sale under which the plaintiff claimed title from the defendant in the attachment. At the outset we were inclined to adopt the plaintiff's theory that the action of the court in dissolving the lien of that writ was conclusive on that question. Further consideration convinced us that this theory was untenable and the case went to the jury at large under instructions which upon review appear to have been adequate. The verdict establishes the following facts:

1. The plaintiff took title to the goods in question by bill of sale June 27, 1903, in good faith for a valuable and fairly adequate consideration, without collusion with his brother in any intent to hinder, delay or defraud the brother's creditors.

2. Transfer of possession accompanied the sale: and

3. The sheriff acted in the premises at the suggestion and instance of his codefendant after both had notice of plaintiff's claim of title.

These are the essentials of a case for trespass against both defendants and leave for consideration only the question of damages. The jury were instructed, as we think clearly, that

the measure of damages was the value of the goods of which the evidence showed the plaintiff to have been deprived.   It is now contended that we erred in commenting on the figures at which Mr. Marcus estimated the stock.   An examination of the testimony shows that in referring to his testimony we had in mind the figures mentioned by Mr. Whitehead, one of his witnesses.   This, of course, was a mistake, but indeed we fail to see how it is sufficient to call for a retrial of the case. It was the privilege as well as the duty of counsel to call our attention to the error at the time, and we can only account for his failure to do so upon the assumption that it passed unnoticed, a thing that would not be likely to happen where the confusing of . one witness's testimony with that of another is at all calculated to do any harm.

The verdict shows that the jury assessed the value of the goods at about $1,800, to which they added an amount equivalent to the legal rate of interest.   Under the evidence we cannot say the damages at that figure are excessive.

On a careful review of the whole case it is believed to have been fully tried and fairly submitted.   To grant another trial would be only to allow another experiment with it.   That we cannot do.   The rule for new trial is, therefore, discharged.

*Errors assigned* were various instructions sufficiently indi- cated in the opinion of the Supreme Court.

*John F. Scragg* and *William J. Fitzgerald,* with them *Ira H. Burns* and *Joseph F. Gilroy,* for appellants, cited: Lingle v. Scranton Ry. Co., 214 Pa. 500 ; Kaine v. Weigley, 22 Pa. 179 ; Montgomery Web Co. v. Dienelt, 133 Pa. 585 ; Kinzer v. Mitchell, 8 Pa. 64.

*James H. Torrey,* with him *D. O. Coughlin* and *H. W. Mumford,* for appellee.

OPINION BY MR. JUSTICE BROWN, June 25, 1907 :
The verdict in this case was fully justified by the evidence. Under the instructions given them as to what was essential to the plaintiff's right to recover, the jury found that the plaintiff had acquired title to the goods seized under the attach-

ment by a bill of sale, dated June 27, 1903; that he had acquired it in good faith, for a valuable and fairly adequate consideration, and without collusion with his brother in any intent to hinder, delay or defraud the latter's creditors; that transfer of possession accompanied the sale, and that the sheriff acted at the suggestion and instance of Marcus, his codefendant, after both had notice of plaintiff's claim of title.

If a trespass was committed the jury could not fairly have found that Marcus had not joined in it. D. O. Coughlin, a member of the Luzerne county bar, who represented the appellee at the time the goods were seized, testified that when he spoke to Marcus about the great damage his client would sustain in having the store closed up and offered to make a compromise, the latter replied, that unless all of the debt with costs, both his own and that of his brother-in-law held by him, were paid, he would close up the store. In addition to this, as the learned trial judge in overruling the motion for a new trial very justly says, the conduct of Marcus was such as implied his knowledge of the fact that the constable had been permitted by the sheriff to take the property in execution, for he was present at the time and place of sale and participated in it as a bidder.

Each of the twenty-one assignments of error has been duly considered, but from no one of them does any error appear, and as to all of them, except the sixteenth, nothing more need be said than that the charge was adequate and correct; the rulings on offers of evidence and on plaintiff's motion to strike out some which had been admitted, were proper, and the answer to each point was free from error. The case was properly tried in all respects.

The plaintiff's title to the property seized was the fundamental question for the jury's consideration. Though it might have been good as between him and his brother, it would not have availed as against the latter's creditors, if the sale had not been accompanied with change of possession. The learned trial judge in his general charge instructed the jury that to make the transaction good against the creditors of O. R. Rogers there must have been not only a transfer of the title, but of possession of the goods, and that the transfer or change of possession must have been such as the nature of the property and the situation

of the parties would reasonably have permitted. By the seventh point the court was asked to say to the jury that in passing upon the question as to whether there was a sale by Olin R. Rogers to W. B. Rogers, they must take into consideration all the evidence in the case, and if from it they found there was no apparent change in the ownership of the business; that so far as could be observed it was conducted after the date of the alleged sale as it had been prior thereto by Olin R. Rogers; that the sign and business name on the property remained Olin R. Rogers, and the same clerks were employed in the business, that these were facts to warrant a finding that, even if there was a bill of sale for a valuable consideration from Olin R. Rogers to W. B. Rogers the same was fraudulent and void in law as against the creditors of the former, and the property, regardless of the bill of sale, remained his property as against any of his creditors. This point was refused without being read and counsel for appellants insist earnestly that the refusal to affirm it was "most palpable error." The point as drawn could not have been affirmed without misleading the jury, for they naturally would have understood from its affirmance that if they found the specific facts set out in it, no matter what other facts might be found indicating change of ownership, they ought to find that the sale was fraudulent in law. In addition to what was said in the general charge the court, in unqualifiedly affirming the second, third and fourth points submitted by the defendants, distinctly instructed the jury that delivery of possession in personal property is indispensable to transfer a title as against creditors; that in passing upon the question of the sufficiency of possession alleged to have been taken by W. B. Rogers they must take into consideration the nature of the acts and the usages of trade and business and, if they believed that he failed to assume such control of the property as ought reasonably to have indicated a change of ownership, the verdict would have to be for the defendants; that an ambiguous transfer of possession by O. R. Rogers to W. B. Rogers would be invalid as to the defendants and if they believed the change of possession, if any, was not apparent and visible, their verdict would be for the defendants; and if they should find that W. B. Rogers did not do all that he might reasonably have been expected to do, even if the sale was hon-

est, so far as indications of ownership to creditors was concerned, the verdict would have to be for the defendants. To more than this the appellants were not entitled.

The assignments are all dismissed and the judgment is affirmed on the opinion of the court overruling the motion for a new trial.

Judgment affirmed.