## Korrallas *v.* Griffiths, Appellant.

*Execution—Abuse of civil process—Malice—Probable cause.*

In an action of trespass to recover damages for the abuse of civil process in making an illegal levy, malice and probable cauge need not be shown.

*Execution—Sheriff's interpleader—Illegal levy—Act of May 26, 1897, P. L. 95.*

The Sheriff's Interpleader Act of May 26, 1897, P. L. 95, does not furnish an exclusive remedy to an owner of goods illegally levied upon under an execution against another person. The act was established for the protection of the sheriff, and not on behalf of contending claimants for property. Even if a claimant loses his right of action against the sheriff by reason of noncompliance with the interpleader act, he still has his remedy over against the person who is responsible for the wrongful taking and sale of his property.

Argued April 23, 1918. Appeal, No. 40, April T., 1918, by defendants, from judgment of C. P. Allegheny Co., July T., 1916, No. 1027, on verdict for plaintiff in case of Clara Korrallas v. Adam Griffiths. Before ORLADY, P. J., PORTER, HENDERSON, HEAD and TREXLER, JJ. Affirmed.

Trespass to recover damages for abuse of civil process in the procuring of a wrongful levy and sale of goods. Before DAVIS, J.

The facts are stated by DAVIS, J., as follows:

"The defendant issued a writ of fi. fa. on a judgment against one Peter Markos and gave the sheriff written directions where to make his levy on the goods of the defendant in the writ. The sheriff proceeded to the place to make the levy and was informed by the plaintiff in this action, who was in possession of the place and goods, that she owned the restaurant and the property therein, and notified the sheriff not to levy on her property. The sheriff did not make the levy; left the premises, went to

the plaintiff in the writ, the defendant here, and informed him of the claim of the plaintiff to the restaurant and goods. The defendant went with the sheriff to or within sight of the restaurant of the plaintiff and, without any further investigation, directed the sheriff to proceed with the levy. The plaintiff's place of business was closed for several days, when the property of the plaintiff was released from the lien of the levy."

The plaintiff presented the following points:

1. The defendant is liable in trespass to the plaintiff if at his direction or with his participation the property of plaintiff was seized and levied upon by the sheriff by virtue of a writ of execution to which plaintiff was not a party. Ans.: Affirmed. (1)

2. If defendant directed or participated in the making of a levy which was wrongful he is answerable to plaintiff in damages resulting therefrom. Answer: Affirmed. (2)

3. If the jury find that the levy and proceedings thereunder were wrongful and that the conduct of the defendant therein was reckless and accompanied by harshness and oppression in making said levy he is liable in punitive damages in addition to such other damage plaintiff sustained. Answer: Affirmed. (3)

Verdict and judgment for plaintiff for $325. Defendant appealed.

*Errors assigned,* among others, were (1-3) above instructions quoting them.

*W. L. McConegly,* for appellant, cited: Humphreys v. Sutcliffe, 192 Pa. 336.

*Ben Paul Brasley,* for appellee, cited: Siegel v. Netherlands Co., Inc., 59 Pa. Superior Ct. 132; Rogers v. Schadt, 218 Pa. 617; Morrison v. Nipple, 39 Pa. Superior Ct. 184; Necker v. Sedgwick, 36 Pa. Superior Ct. 593.

OPINION BY TREXLER, J., October 30, 1918:

The sheriff, at the direction of Griffiths, levied upon the property of Clara Korrallas, the plaintiff in this suit. She was not the defendant in the execution and at the time of the levy asserted that the property taken was her property, and not that of the defendant. Notwithstanding her claim, the sheriff was directed to proceed. The present suit was brought to recover damages for the illegal levy.

Two questions are presented for our consideration. The first is, "Can the plaintiff, owner of goods and chattels levied upon under an execution against another person, recover against the plaintiff in the execution without showing actual malice and want of reasonable and probable cause?" This question was answered in Siegel v. Netherlands Co., Inc., 59 Pa. Superior Ct. 132. The distinction is there shown, quoting authorities, between the misuse and the abuse of process. Malice and probable cause need not be shown in the abuse of civil process. The present case presents an abuse of process.

The second question presented is, "Does the sheriff's Interpleader Act of May 26, 1897, P. L. 95, furnish an exclusive remedy to an owner of goods levied upon under an execution against another person?" This question has also been ruled by this court, as lately as the case of Liquid C. Co. v. Shuster G. Co., 64 Pa. Superior Ct. 74. It has been decided in a number of cases that the Interpleader Act is established for the protection of the sheriff and not on behalf of contending claimants for the property. Even if the claimant loses his right of action against the sheriff by reason of noncompliance with the Interpleader Act, he still has his remedy over against the person who is responsible for the wrongful taking and sale of his property.

All the assignments are overruled and the judgment is affirmed.