## MOYERMAN v. HALE.
### No. 5900.

Circuit Court of Appeals, Third Circuit.
Jan. 15, 1936.

Rehearing Denied Feb. 6, 1936.

865

Herman N. Silver, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania affirming an order of the referee. The appellant obtained a judgment against one Charles P. Bloome in the municipal court of Philadelphia county. She then caused a levy to be made upon merchandise in the possession of and at the place of business of the wife of Charles P. Bloome, Etta G. Bloome, who was trading as International Merchandising Company. Etta G. Bloome filed a property claim with the sheriff of Philadelphia county, who thereupon took a rule for an interpleader. This rule was discharged by the municipal court, apparently for the reason that the claimant, Etta G. Bloome, failed to file her statement of claim and bond. In the meantime the claimant was adjudicated a bankrupt and the assets in her possession, including the merchandise which was the subject of the levy, were sold by her trustee in bankruptcy without prejudice to the rights of the appellant against the fund derived from the sale. The claim of the appellant to the proceeds was dismissed, the referee and the District Court both holding that the decision of the municipal court in the interpleader was not a final judgment and an adjudication upon the question of title. The appellant contends that the discharge by the municipal court of the rule in the interpleader proceedings determined that title to the merchandise was not in Etta G. Bloome, but was in Charles P. Bloome, the defendant in the execution, and that the question of title to the merchandise is now res judicata. We think this contention is contrary to the decisions of the Pennsylvania courts interpreting the various interpleader acts up to and including the Act of

June 22, 1931, P.L. 883 (12 P.S.Pa. § 2358 et seq.). See Bain v. Funk, 61 Pa. 185; Larzelere v. Haubert, 109 Pa. 515; Korralls v. Griffiths, 70 Pa.Super. 431; Breyer Ice Cream Co. v. Rudley et al., 111 Pa. Super. 604, 171 A. 96. In the instant case the rule for interpleader was discharged and no issue was framed. The question of title was never in fact passed upon by the municipal court. As a reclamation petitioner in the bankruptcy proceedings, the appellant had the burden of proving that the merchandise was not the property of the bankrupt but was the property of Charles P. Bloome, the defendant in the execution. The appellant did not sustain this burden of proof by introducing the record of the interpleader proceedings. The decree is affirmed.