## Smiley v. Providence Traders Store, Inc.

*J. G. Colleran*, for plaintiff.

*I. L. Epstein*, for defendant.

HOBAN, J., March 9, 1936.—This is a bill in equity against the purchaser of a stock of merchandise and fixtures to declare the sale fraudulent and void as respects plaintiff. Plaintiff was the landlord of premises occupied by one Jacobson under a lease containing an acceleration clause accelerating the rent if the lessee should "attempt

to remove his goods and fixtures out of or off from the premises."

On May 14, 1935, Jacobson sold to defendant his stock, fixtures and merchandise, and defendant took immediate delivery. The rent for the month of May had been paid by Jacobson to plaintiff prior to the sale. Plaintiff now claims that because of this sale the acceleration clause operated, because the sale was an attempt to remove, and that, therefore, the amount of rent for the balance of the lease after June 1, 1935, to wit, $700, became immediately due, and that plaintiff was a creditor of Jacobson for that amount.

The bill further avers that defendant gave no notice to plaintiff of the contemplated purchase, and thus violated the provisions of the Bulk Sales Act of May 23, 1919, P. L. 262. This bill was filed on August 13, 1935, 91 days after the date upon which the sale and delivery of the property took place.

There may be merit to plaintiff's contention that he is a creditor within the meaning of the Bulk Sales Act, since, as to creditors and the indebtedness to them, the act refers particularly to the amount of the "indebtedness due or owing or to become due or owing by said vendor to each of such creditors," the provision for accruals in the future being new to the law and included in the Act of March 28, 1905, P. L. 62. But while plaintiff's position on this question is debatable, in view of the decision in Siegel v. The Netherlands Co., Inc., 59 Pa. Superior Ct. 132, we believe that the present bill must fail for the reason that it has not been brought within 90 days of the consummation of the sale, as required by section 3 of the Bulk Sales Act. The provision of the statute reads as follows:

"Provided, however, that no proceeding at law or equity shall be brought against the purchaser to invalidate any such sale after the expiration of ninety (90) days from the consummation thereof."

There are no qualifications to this provision, and the plain words of the statute cannot be ignored, nor has any

rule of interpretation justifying any other construction been brought to our attention. True, plaintiff offered, as authority for the proposition that the 90 days do not begin to run until notice of the sale is brought home to the creditor, the case of Wilson Brothers v. Fields, Inc., 21 Luz. L. R. Rep. 384, but in that case the court evidently speculated upon the purpose of the act and the intention of the legislature. There is nothing speculative about the definite prohibition of the statute, and we feel compelled to adopt the reasoning in Fibre Yarn Co., Inc., v. Tiberio et al., 1 D. & C. 645. It will be noted that the statute prevents action only against the purchaser unless commenced within 90 days from the sale, and plaintiff may still have his remedy by assumpsit or otherwise against the lessee.

Any other conclusion would lead to an intolerable situation from a viewpoint of commercial practice. No purchaser would be safe from attack by an unknown creditor, whose mere averment of lack of notice of the sale would suffice to bring him into court. Barring actual fraud deliberately concealed by defendant, a line must be drawn somewhere, and the law has placed it at 90 days, which incidentally is about the usual credit limit on open commercial accounts. A creditor, whose account has not been taken care of prior to 90 days from its inception, is certainly put on inquiry as to the debtor's status, and one can hardly state a situation where reasonable diligence on the creditor's part would not enable him to safeguard his interests under the Bulk Sales Act.

In this case, plaintiff seeks to toll the limitation by averring that he had no knowledge of the sale until May 16, 1935, two days after it was held. By his own admission, therefore, plaintiff had eighty-eight days in which to file his action—ample opportunity to protect his interests, if any, and having failed to do so within the statutory period, cannot now demand relief.

"Certainly it is no hardship for a creditor, within a period of ninety days, to assert his rights under the provisions of the Bulk Sales Act. On the other hand, if the

beginning of the ninety-day period is to be determined solely by the time when the creditor first has knowledge of the sale, no purchaser in a sale in bulk would receive the protection which the act in question intended to give him. If the interpretation contended for by the judgment creditor were to be adopted, the meaning of the plain words of the act would have to be strained considerably": Fibre Yarn Co., Inc., v. Tiberio et al., 1 D. & C. 645, 648.

We are constrained, therefore, to sustain the preliminary objections to the bill, and, because the matter cannot be cured by amendment, the bill must be dismissed.

Now, March 9, 1936, preliminary objections to the bill in equity are decided in favor of the defendant, and the bill is dismissed at the cost of the plaintiff.