## Edwards et ux. v. Dauphin Deposit Trust Co.

*Oscar G. Wickersham*, for plaintiffs.

*David S. Kohn* and *Solomon Hurwitz*, for defendant.

HARGEST, P. J., February 19, 1940.—The matter now before us is a motion to take off a nonsuit.

The history of this litigation is necessary to fully understand the situation. Alfred J. Edwards and Mary E. Edwards, his wife, plaintiffs in this action, brought a suit in this court to no. 396, September term, 1936, against J. Robert Storey, agent for Freeman Z. Frey and Bertha M. Frey, his wife, and H. G. Fetrow, constable, alleging that plaintiffs had agreed with Frey and his wife to purchase from them a property under certain conditions with reference to the raising of money for the purchase price and, during the time given for complying with those conditions, plaintiffs were to occupy the property, not as tenants of the Freys but under the agreement. Subse-

quently, Storey, as agent for the Freys, in violation of the agreement, instituted proceedings for the possession of the property, under the landlord and tenant law, before a justice of the peace, who entered judgment against plaintiffs for the possession of the property, and thereupon the Freys, through their agent, caused a writ of possession to issue, and the household goods and furnishings, alleged to be the joint property of plaintiffs, removed to a storage place at 1326 Marion Street in the City of Harrisburg. A verdict in the sum of $400 was rendered on or about April 9, 1938, in favor of plaintiffs. A motion for a new trial was filed April 13, 1938, but the case was marked of record: "September 11, 1938, plaintiffs satisfied in full."

The Dauphin Deposit Trust Company, defendant in the instant case, had entered a judgment upon a note held by it against C. H. Foust and A. J. Edwards, one of the plaintiffs herein, in the sum of $250.55, and on May 18, 1938, caused to be issued an attachment execution to no. 510, March term, 1938, the præcipe for which is as follows:

"Issue attachment execution against Alfred J. Edwards, defendant, and endorse the same with directions to the sheriff to attach all and singular, goods, chattels, rights, credits, moneys, property and accounts receivable of the defendant in whose hands the same may be and especially in the hands of Freeman Z. Frey, garnishee, and also certain household furniture now in possession of George H. Albright, 1326-1330 Marion Street, Harrisburg, Pa., and to summon the said George H. Albright, as garnishee."

It appears that George H. Albright conducts the storage house in which the goods above referred to were placed. The writ directed to the sheriff followed the præcipe and directed the sheriff to attach goods and money of Alfred J. Edwards in the hands of Freeman Z. Frey and George H. Albright, garnishees. The sheriff returned the writ

saying he attached the goods and money "of Alfred J. Edwards, defendant within named, in the hands of Freeman Z. Frey, garnishee," and summoned him as said garnishee, and also that he attached the goods "in the hands of George H. Albright, garnishee," and summoned him. A petition was presented to show cause why this attachment should not be dissolved, to which an answer was filed and, after several continuances, the matter came before the argument court on September 14, 1938, whereupon the following order was made:

"And now, to wit, September 14, 1938, upon consent of David S. Kohn, Esquire, counsel for the above plaintiff, and on motion of Wickersham & Wickersham, attorneys for the within defendant, the rule heretofore granted to show cause why the within attachment should not be dissolved is now made absolute and the attachment execution is dissolved. Costs to be paid by plaintiff."

Thereafter this suit was brought. Plaintiffs' statement sets out the proceedings in part, and avers that the verdict obtained against the Freys was a joint verdict and vested an estate by entireties in Edwards and his wife; that Albright illegally had the possession of the goods and chattels belonging to plaintiffs jointly; that the attachment and the service thereof were illegal, being an attempt to attach their verdict and property, which was an estate by entireties, and the proceeding was malicious, without probable cause, and deprived plaintiffs of the use of their verdict and household goods and property.

When the case came for trial, counsel for plaintiffs offered the record to no. 510, March term, 1938, showing the attachment execution and the dissolution thereof, together with evidence as to the loss occasioned by the attachment. Upon motion for a nonsuit, the trial judge took the position that the record showed a legal levy, because the Dauphin Deposit Trust Company had the right to levy on the property of Alfred J. Edwards, and the latter offered evidence to show, contrary to the sheriff's return,

that that property was a joint property of himself and wife. The trial judge also assumed that if there were any fault it may be that of the sheriff, but the sheriff has not been made a party to this suit. We, therefore, entered a nonsuit.

After a very careful consideration, we are of opinion that we were in error. Where a husband and wife jointly acquire real estate or personal property, including choses in action or choses in possession, without any limitations or conditions attached, an estate by entireties is created: Bramberry's Estate, 156 Pa. 628; Diver v. Diver, 56 Pa. 106; Holcomb v. People's Savings Bank et al., 92 Pa. 338; Parry's Estate, 188 Pa. 33; Hoover v. Potter, 42 Pa. Superior Ct. 21.

When such an estate is created, it is not an estate of divisible parts. "There is but one estate, and in contemplation of law it is held by but one person": Gasner v. Pierce et al., 286 Pa. 529; Stuckey v. Keefe's Executors, 26 Pa. 397.

In view of the settled law, as indicated by the foregoing authorities, there can be no doubt that the verdict in favor of these plaintiffs against Freeman Z. Frey and his wife was held in entireties, and that may be the reason why counsel for the Dauphin Deposit Trust Company consented that the attachment should be dissolved.

However, an estate by entireties may be destroyed by agreement of the parties: Berhalter v. Berhalter et al., 315 Pa. 225. And the contention of defendant is that plaintiffs in this case have not treated the verdict as one by entireties but as "a joint verdict." There is no evidence as to how plaintiffs treated this verdict, except the allegations of plaintiffs' statement. In paragraph 4, they aver that it "was a joint verdict, and the property in said verdict consisted of an estate by entireties"; in paragraph 7, that Albright had the household goods in his possession "belonging to the said plaintiffs jointly"; and in paragraph 8, that the goods "were the joint property of plaintiffs."

We are of opinion that these allegations are not sufficient to justify the inference that plaintiffs intended to destroy the estate by entireties which they held in the verdict.

Defendant refers to the case of In re Erie Trust Co.—Ralph Command Claim, 19 Erie 469, in which there was a writing that declared: "We are the joint owners in joint tenancy" of a deposit. This does not help us in the present controversy, nor does the case of American Oil Co. v. Falconer et al., 136 Pa. Superior Ct. 598, where it was held that a joint tenancy with the right of survivorship is subject to attachment execution. The question as to whether there was an estate by entireties did not arise.

Defendant also contends that, notwithstanding the allegation of plaintiffs' statement, the issuance of the attachment execution was not malicious or without probable cause, and that, before the action could be maintained, there must be proof of a wrongful and illegal levy. On the trial we were inclined to the view that the direction to the sheriff to levy only on the property of Alfred J. Edwards, and the failure to allege any illegal levy, prevented recovery. We now are of opinion that the cases of Garland v. Wilson, 289 Pa. 272, and Siegel v. Netherlands Co., Inc., 59 Pa. Superior Ct. 132, show the incorrectness of our judgment. While the regular and legitimate use of process, though with a bad intent, is not a malicious abuse thereof, as indicated in Garland v. Wilson, supra, yet the illegal use of process which deprives the person of legitimate use of his property does not have to be shown to be malicious and without probable cause to support an action of trespass.

In Siegel v. Netherlands Co., Inc., 59 Pa. Superior Ct. 132, 138, the court said:

"In a 'misuse,' the issuance of the writ is unjustifiable. In an 'abuse,' the issuance of the writ is legal. 'Abuse of process is the employment of it for an unlawful object, a perversion of it, e. g., to extort money, to compel the sur-

render of a deed or other thing of value, or the like; and misuse, simply a malicious use of it where no object is contemplated to be gained by it other than its proper effect and execution: Mayer v. Walter, 64 Pa. 283': Grohmann v. Kirschman, 168 Pa. 189. . . .

"We feel that the question of malice and probable cause are wholly foreign to this case and they can only be considered when, through the very nature of the proceedings, it is necessary to inquire into the motives of persons who cause a writ to be issued or a proceeding to be instituted. Where one is in the possession and enjoyment of his property and another intermeddles with it, why should it be necessary for him to show that the intermeddler was actuated by malice and had no reason to thus intermeddle with his goods?"

The verdict in the case against the Freys was rendered April 9, 1938. The charge of the court in that case was filed May 3, 1938. The præcipe for an attachment in the instant case was filed May 18, 1938. The attachment followed so closely on the verdict that we could not say as a matter of law that defendant in the instant case had no information as to the estate by entireties. The facts were disclosed in the case against the Freys, and the fact that the household goods of the Edwards were in the possession of Albright was also therein developed. Insofar as anything was disclosed in the case as to the ownership of the verdict and the household goods, it was that they were held by the Edwards in entireties. That being now before the court, we cannot say that there can be no right to recover, since plaintiff directed the use of the process in attachment execution against Frey and against Albright to secure a grasp upon. things which legally could not be grasped.

Moreover, as we have found no case in Pennsylvania and have been referred to none, the authorities in other States hold:

"Where the process of attachment is irregular, unauthorized, or void, a levy made by the officer renders the

party suing out the attachment a trespasser, since under such circumstances the officer becomes the agent of such party. . . .

"Where an attachment is irregular or merely voidable, it will nevertheless protect the attachment plaintiff, or other parties acting under it, until it is set aside, but after it has been set aside it affords no protection to the party at whose instance it was issued, and he becomes a trespasser ab initio by relation": 7 C. J. S. §§503, 504, notes 33, 35, 36.

We think this principle is sound. This is not the kind of case where the principle may be invoked that one cannot go back of the sheriff's return. If a plaintiff has caused an officer of the law to commit an illegal act under the forms of the law which results in damage, the processes of the law should be available for recovery.

For these reasons we think the motion to take off the nonsuit must prevail.

And now, February 19, 1940, the motion to take off the nonsuit is hereby sustained.